Reeves et al. v. Townsend et al.

REEVES ET AL., EXECUTORS OF REEVES, v. TOWNSEND ET AL., ADMINISTRATORS OF TOWNSEND.

1. After the Orphans' Court have, upon application of executors or adminis- trators, regularly declared an estate to be insolvent, no action can be brought and maintained against the executor or administrator, except upon a claim presented and disputed for the purpose of adjusting it; and the decree of insolvency may be pleaded in bar.

2. In pleading the proceedings of a court of limited jurisdiction, it is necessary only to allege such facts as are necessary to show the jurisdiction and the final decree. · If the jurisdiction appears, the proceedings will be pre- sumed to be regular.

Demurrer to plea.

This was an action of debt, brought by the executors of Henry Reeves, deceased, against the administrators of Isaac Townsend, jun., deceased, upon the bond of the intestate. The defendants, after oyer of the conditions of the said bond, (which was conditioned for the payment of $1100 and inte- rest in two years from the date) pleaded—1st, payment; 2d, *actio non*, &c., because that heretofore, *to wit*, on the 30th November, 1843, at B., in the county of C., the said defend- ants, administrators of the said I. T., deceased, did, by appli- cation in writing, represent to the Orphans' Court of the county of Cumberland, being the county wherein the said decedent had his domicil at the time of his decease, and being the pro- per county, on their affirmation, duly taken and made, that the personal and real estate of the said I. T. was insufficient to pay his debts, according to the best of their knowledge and belief; and the said court did thereupon, at a regular term, then and there held, direct the defendants to give public notice to the creditors of said estate to exhibit to these defendants, un- der oath or affirmation, their claims and demands against the said estate, within six months thereafter, by setting up notice according to the form and effect of the act entitled, "An act concerning the estates of persons who die insolvent." And these defendants in fact say, that they gave notice to the said creditors to exhibit their demands in pursuance of the direction of the court and the act aforesaid. And the said Benjamin F. Reeves, one of the plaintiffs, within the time directed and ap- pointed by the said court, and after the death of said Henry

Reeves, presented to defendants, under oath, a claim for the said sum of $1100, in the said condition of the said writing obligatory; and these defendants afterwards, at the next term of the said court, after the time directed and limited as aforesaid had expired, having first given notice of their intention so to do, according to the form and effect of the act aforesaid, made report to the said court of the several claims and demands exhibited against said estate; and defendants did *also* exhibit to said court, under their affirmation, a true and just account of the moneys, goods, chattels, rights, and credits of the said decedent, which had come to their knowledge, hands, or possession, and an inventory of the real estate of said decedent, under affirmation, according to the form and effect of the act aforesaid. And these defendants further in fact say, that no exceptions were filed against the said claims and demands exhibited against said estate, or any part thereof: and thereupon the said court, at a regular term thereof, held at B., in the county of C., on the 28th September, 1844, and before the commencement of this suit, did, upon consideration of the amount of the personal and real estate of said decedent, and value thereof, it appearing to the court that the real and personal estate was insufficient to pay the debts of said decedent, and that the estate was likely to be insolvent, decree, order, and direct, that these defendants, administrators as aforesaid, should proceed as if the estate of said I. T. was insolvent, and make sale of the whole of the said real estate, according to the form of the statute in such case made and provided; which said decree of the said court remains, and is in full force and effect, and has not been in any respect, annulled or set aside: and this they, the said defendants, are ready to verify. Wherefore, &c.

The defendants demurred specially to the second plea.

Argued before the CHIEF JUSTICE and Justices CARPENTER and RANDOLPH.

*W. Halsted*, for plaintiff.

The plea blends matter of law and of fact, attempting to put matter of law in issue before the jury. Whether Cumber-

land was the proper county, or the oath was *duly* taken, or the notice was given *pursuant* to the statute, are matters of law, and not issuable. 2 *Halst.* 98 ; 4 *Day.* 323 ; *Steph. Pl.* 343 ; 2 *H. Bl.* 128 ; 2 *Saund.* 178.

Material facts are alleged, without time and place.

It is not alleged that the inventory of the real estate of the decedent, exhibited by the administrators at the time of making their report, contained the *value* of the said real estate. *Rev. Stat.* 347, § 5. Nor that it was an inventory of all the real estate which may have come to their knowledge " according to the form of the statute," is not sufficient.

It is not alleged that the administrators did proceed as if the estate was insolvent, &c. *Rev. Stat.* 348, § 7.

But the chief point is as to the effect of the order by the Orphans' Court. The plea sets up a decree of the Orphans' Court declaring the estate of the intestate insolvent; and it is urged that the effect of the decree, the plaintiffs having presented their claim under oath to the administrators, and no exceptions having been filed, is to bar the plaintiffs from proceeding at law in this action.

The plea does not allege that the claim had been *adjusted,* and, therefore, the plea seems insufficient fairly to present the question. But the statute means by *adjusted,* simply settled as to amount. The statute simply bars execution, and there may be many other remedies, as in chancery, where judgment creditor may file bill in order to reach land or equitable assets. But a judgment may be necessary, as the basis of such proceeding.

A judgment may be necessary to prevent a bar by the statute of limitations. Suppose assets should be discovered after six years had elapsed ?

The settlement of the account in the Orphans' Court is not conclusive as to assets which may afterwards come into the hands of the administrators.

These are lands in Cape May, and how can we reach them, unless we can obtain a judgment at law ? See *Rev. Stat.* 210, § 15. [It was suggested that the difficulty seemed provided

for in a late enactment. *Rev. Stat.* 350, § 14.] See *Howell* v. *Potts, Spenc.* 570.

*L. Q. C. Elmer,* for defendants.

According to the true construction of that act, the proceedings of the plaintiff and of the Orphans' Court are a bar to any action.

By the eighth section (*Rev. Stat.* 348), it is provided, that if a claim is presented, and excepted to, the creditor may elect to proceed at law: there was no exception to this claim, and there was no election to sue.

By the twelfth section, if an action is pending against the administrator at the time of making the application, or if an action shall afterwards be brought, the plaintiff may proceed to final judgment, "*unless the claim shall be adjusted, as is herein before directed, or otherwise;*" but no execution is to issue.

It is insisted that these words, "*unless the claim shall be adjusted,* &c.," amount to a provision, that if the claim has been adjusted, the action shall not proceed. The claim presented by the plaintiff, not having been excepted to, was in effect "*Adjusted.*" The sixth section provides, that in case no exception is made against a claim duly presented, "*it shall be held and deemed justly due;*" and, by the tenth section, the administrator is to pay it, under the direction, and subject to the control of the Orphans' Court.

From the moment a claim is presented pursuant to the act, the whole case is *sub judice*, and belongs to the Orphans' Court. No action can be maintained at law, otherwise than in pursuance of the eighth section, after exception taken.

Indeed (although it is not necessary for the decison of this case), I do not see how it can be held, that an action can be brought otherwise than under the eighth section, at any time after the decree of the Orphans' Court prescribed by the third section. To entitle the claimant to any share of the estate, he must present his claim to the administrator under oath, and to allow a suit for money he could not in any way collect would be a strange proceeding.

For what purpose shall the action proceed? Not to ascertain the amount to be paid ; that is already adjusted. The eighth and twelfth sections of the act are in harmony, and cover the whole case. The eighth, allows the option of a suit at law after the claim excepted to. The twelfth, provides for the case of an action commenced before the application for insolvency, and for the case of an action commenced afterwards, by virtue of the eighth section. The sole purpose of an action is to ascertain the amount due ; that being done, a suit would be wholly fruitless.

I am not aware that this question has been heretofore raised in the courts of this state. In *Howell's Administrators* v. *Potts*, *Spenc.* 570, there had been *a judgment* at common law before the proceedings in the Orphans' Court. In *Holmes* v. *Price*, *Spenc.* 480, this court held the plea of *plene administravit* a good plea, notwithstanding the statute, leaving the effect of that statute to operate upon the evidence under the plea, and not upon the form of the pleading itself. The well considered and very satisfactory opinion delivered in that case steers entirely clear of the questions now involved.

It may be argued, however, that the court ought to leave the defendant to avail himself of the facts set forth in this plea under a plea of *plene administravit*, and thus leave it open to the plaintiff to show that he has received assets not administered. But this will take the distribution of those assets from the tribunal to which it exclusively belongs, *viz.*, the Orphans' Court, or rather would do so if the plaintiff could make any use of his judgment, after he has obtained it. But he is expressly prohibited from issuing execution.

The facts contained in the plea amount to more than proof of *plene administravit*. They show, in effect, on what the law makes equivalent, a judgment against the administrator, as to this subject matter, in a court of peculiar, but of general jurisdiction. It does not belong to this court to enforce the judgments of the Orphans' Court, any more than those of the Court of Chancery. The plaintiff voluntarily withdrew himself from the common law courts, and resorted to a better and more summary remedy. Henceforth his remedy in the other

Reeves et al. v. Townsend et al.

court is full and adequate. A judgment of assets *quando acci-derent* would be of no avail, because he would have no executions to reach them. Nor ought he to have : they are not to be administered at common law, but by the decree of the Orphans' Court, according to the statute. Nor will it avail the plaintiffs any thing to obtain a judgment, for the purpose of enabling them to oblige the defendant to sell the lands of the intestate, if any there be unsold, according to the provisions of the fifteenth section of the Orphans' Court act (*Rev. Stat.* 210), because when they get their judgment they can issue no execution, as that section expressly requires.

Several special causes of demurrer have been assigned. It is not deemed necessary to answer them separately. It is submitted that none of them are valid. They seem founded on the idea, that the bar arises out of the acts in *pais of defendants*, whereas it is the act of the Orphans' Court in a case clearly within its jurisdiction. That court is not limited, but of general powers, whose acts are to be presumed legal. *Den* v. *Hammel*, 3 *Harr.* 73. There is surplusage in the plea, but this does not vitiate. It is not double—all the acts stated make but one entire defence.

It is sufficiently averred, that the court, at a date given, made an order that creditors present their claims *under oath*, &c. The previous ground of that order need not have been stated at all ; this court would presume it sufficient. But if it was necessary, it is stated that defendants made the oath in the words of the act. The legality of the oath is not thereby put in issue, nor would a replication on that part of the plea be good. It is sufficiently set forth, that plaintiffs presented their claim pursuant to the act. Having done so, they are stopped from questioning the legality of the previous proceedings. It is also set forth, that no exceptions were made to the claim, and that subsequently the Orphans' Court decreed the estate, in the words of the act, "likely to be insolvent." All besides is immaterial. It is not matter of trial here what was done, or whether the proceedings before or after were correct. That belongs to the Orphans' Court, and in this action must be presumed to be right.

But if the court think the plea defective, leave is asked to amend.

CARPENTER, J., delivered the opinion of the court.

The defendants set up, in bar of this action, proceedings in the Orphans' Court of Cumberland, under the act concerning the estates of persons who die insolvent. (*Rev. L.* 766 ; *Rev. Stat.* 346). The question raised by the demurrer is, whether a suit at law can be maintained against the administrators of an insolvent estate, by creditors who have presented their claims under the statute, no exceptions having been filed to the account, and the insolvency of the estate having been decreed by the Orphans' Court ?

By the third section of the act, executors or administrators, who have reason to believe that the estate of the decedent will prove insolvent, may apply to the Orphans' Court of the proper county, and procure an order requiring creditors, after notice, to exhibit to the executor or administrator, under oath or affirmation, their claims against the estate. The eleventh section provides, that any creditor who fails duly to exhibit his claim shall be barred from prosecuting or recovering the same, unless the estate shall prove sufficient, after all debts exhibited and allowed are fully satisfied, or the creditor shall find property not inventoried or accounted for by the executor or administrator before distribution ; in which case such creditor shall receive his ratable proportion out of the same. ' The statute thus en-. forces the exhibition of claims by creditors, by making neglect in this particular the subject of a statutory bar, except in the cases specified.

If the creditor duly presents his claim, a course of proceeding is prescribed applicable to such case. The executor or administrator, or other person interested, may file exceptions to such claim, which will then be adjudicated upon and settled by the Orphans' Court, unless the creditor, within a given time, shall elect to proceed at common law or in equity, in preference to having the same determined by the said court. The effect of a judgment obtained in another court, if the creditor should so elect, is settled in a subsequent section. If

no exception is filed to the claim of the creditor, the statute declares that it shall be held and deemed as justly due. If upon the *adjustment* of the claims (as we take it, whether upon contestation or by acquiescence,) the estate appears to be insolvent, the court shall so decree, and direct the administrator or executor to proceed accordingly. The proceeds of the estate, real and personal, after payment of the preferred debts and expenses of administration, are to be distributed ratably among the applying creditors, under the direction of the Orphans' Court, which is invested with power to enforce its orders.

By the twelfth section it is provided, that if any action shall be pending against the administrator at the time of making the application under the third section, or any action shall be brought after the making of the application, the plaintiff may proceed to final judgment, *unless the claim shall be adjusted*, as before directed, or otherwise; but no execution shall in any case issue after the making of the said application, it being further provided, that the plaintiff shall be paid out of the estate ratably, in proportion to the amount of judgment recovered.

The policy of the act seems to be, to draw the settlement of such estates within the summary and convenient jurisdiction of the Orphans' Court, not only to give in that forum a complete remedy to the creditor who may only exhibit his claim, but, under its provisions, to protect the administrator or executor who fully complies with its directions in the administration of the estate. The creditor is barred from his action, unless he exhibits his claim to the administrator who has made application to have the estate declared insolvent. If the creditor exhibits the claim, and it is *adjusted* under the act, he is entitled to receive ratably according to the amount of his claim.

The act provides for two cases in which actions may be brought and prosecuted to judgment, and, by strong implication, seems to deny them in all others, the effect of the judgment in both cases being simply to ascertain or adjust the amount when the claim is valid, the plaintiff in no case,

the estate having been declared insolvent, being permitted to issue execution upon his judgment.

The first case in which the plaintiff is permitted to proceed to judgment, is when the action has been previously brought, and is pending at the time of the application. In this case it is not defeated by the action of the administrator, but the plaintiff, if his claim can be sustained at law, may proceed to establish its amount by the judgment of the court in which he had brought suit. The second, is when the action has been brought after the making of the application ; and if permitted to proceed to judgment the effect is the same as in the other case. This must apply, however, to the case only of an election by the creditor, under the third section, to seek another forum, exceptions having been filed to his account. It seems necessary so to construe the twelfth section, in order to harmonize the provisions of the statute. For what purpose should an action be brought in any other case? No execution can be taken out, and the judgment can serve no purpose but to adjust the amount of the claim. The section, therefore, which regulates the prosecution of an action in the cases specified, permits the plaintiff to proceed to judgment, unless the claim has been adjusted. This language seems to imply, that if *adjusted*, then the plaintiff shall not be permitted to proceed. When the claim has been exhibited, and no exceptions have been filed, it has been adjusted by the very terms of the act: in such case it is expressly provided that it shall be *held and deemed as justly due.* No exceptions were filed in this case, and the amount, therefore, has been conclusively settled by the simple acquiescence of those interested. We think that after the application no action can be maintained, except in pursuance of the provisions of the eighth section, and that the plea is a bar to the action.

Several objections have been made to the form of the plea, but which we consider immaterial. The plaintiffs having exhibited their claim to the administrators, it would seem that it ought not to be open to them to deny that due notice had been given to them, &c. ; matters, therefore, which if not traversable, need not be alleged with particularity as to time and place.

But the application under oath to the Orphans' Court, which is the foundation of the proceedings in that court, is averred in the words of the act, and with due particularity. The foundation being so laid, (which seems necessary as a question of pleading, in order to give the court jurisdiction,) every intendment must be made in favor of the validity of the proceedings. Upon the mode of pleading now adopted in cases in courts of particular jurisdiction, and applying them to this case, it is sufficient, after a short statement of these matters of inducement, which seem necessary to show the character and effect of the decree, to aver the final decree of insolvency.

It was not necessary to go farther, and show what action had been had by the administrators upon the decree of insolvency. The estate having been declared insolvent upon their application, they may be held responsible for its due administration, but it must be in another mode.

Demurrer overruled.